UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAL SHIELD, LLC,

    Plaintiff,

v.                                                Case No.  6:12-cv-1245-Orl-28TBS

THE RHINO GROUP, INC., MAXIMUM
FAMILY GAMES, LLC,

    Defendants.
_____

ORDER

This case comes before the Court on Specially Appearing Defendant Maximum Family Games' Objections to Affidavit of Frank DeSanti (Doc. 43). The Court rules on Defendant's objections as follows:

Paragraph 23

23. In light of Rhino's refusal to pay said sums due under Invoice 3477, 3523, and 3701 (the "Invoices") respectively, I presented a proposal to Christina Seelye, which proposal offered to offset the debt due to Seal Shield by Rhino under the Invoices if Seal Shield agreed to engage in a subsequent business transaction with Maximum.

Objection: Maximum objects to this evidence on the grounds that it is inadmissible and prohibited as evidence of a compromise offer and/or negotiation, as it states that Seal Shield offered to compromise this claim in exchange for valuable consideration. [FRE 408 (prohibiting evidence of "furnishing, promising, or offering -- or accepting, promising to accept, or offering to accept -- a valuable consideration in compromising or attempting to compromise the claim" or related conduct or statements); see Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc., 2008 U.S. Dist. LEXIS 116680, * 8 (M.D. Fla. 2008) (excluding from evidence written pre-suit settlement negotiations between the parties under Rule 408 and noting an attorney should feel safe in engaging in negotiations "prior to the initiation of a lawsuit in an effort to reach an expedient settlement for the client without the fear of seeing such letters used as evidence against the client[ .]").]

Ruling: OVERRULED. The statement is admissible to show the relationship, if any, between Rhino and Maximum.

Paragraph 24

24. In response to my offer to offset Rhino's debt with Maximum's prospective business transactions with Seal Shield, Christina Seelye responded, "It could be done."

Objection: Maximum objects to this evidence on the grounds that it is inadmissible and prohibited as evidence of a compromise offer and/or negotiation, as it states that Seal Shield offered to compromise this claim in exchange for valuable consideration. [FRE 408 (prohibiting evidence of "furnishing, promising, or offering -- or accepting, promising to accept, or offering to accept -- a valuable consideration in compromising or attempting to compromise the claim" or related conduct or statements); see Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc., 2008 U.S. Dist. LEXIS 116680, * 8 (M.D. Fla. 2008) (excluding from evidence written pre-suit settlement negotiations between the parties under Rule 408 and noting an attorney should feel safe in engaging in negotiations "prior to the initiation of a lawsuit in an effort to reach an expedient settlement for the client without the fear of seeing such letters used as evidence against the client[.],,).]

Maximum further objects to this evidence on the grounds that such alleged statements made by Ms. Seelye are inadmissible hearsay. [FRE 801, 802.]

Ruling: OVERRULED.  The statement is admissible to show the relationship, if any, between Rhino and Maximum.

Paragraph 25(1)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that: (1) Rhino and Maximum share the warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

    a. Seal Shield has shipped products, as evident in the Invoices, to both Rhino and Maximum to the warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

    b. Moreover, the purchase orders issued by Rhino and Maximum clearly represent that Rhino and Maximum share the same warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay.  [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that the statement that "the purchase orders issued by Rhino and Maximum clearly represent that Rhino and Maximum share the same warehouse" is double hearsay, and is also inadmissible opinion testimony by a lay witness. [FRE 801, 802, and 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that ." statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED. Maximum repeatedly objects on the ground that DeSanti uses the phrase "I am informed and believe." In every instance, the Court overrules this objection because DeSanti tells the reader the source of his information and belief.

Paragraph 25(2)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (2) Rhino and Maximum share the same principal place of business, as registered with the California Secretary of State, to wit: 1547 Palos Verdes Mall #275 Walnut Creek, CA 94597.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that it is "double hearsay" in that it repeats the content of an unauthenticated and inadmissible writing. [FRE 801, 802, and 901.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 70 l.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo

v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that " 'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: The objection to the phrase " as registered with the California Secretary of State, to wit: 1547 Palos Verdes Mall #275 Walnut Creek, CA 94597" is SUSTAINED. The remaining objections are OVERRULED.

Paragraph 25(3)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (3) Christina Seelye uses the same telephone number to conduct business for Rhino and Maximum with Seal Shield, to wit: (925) 385-8316.

      a. I have used the same telephone number to conduct business with both Rhino and Maximum, to wit: (619) 993-4083.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 70 l.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 25(4)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (4) Rhino and Maximum share, at minimum, one business mailing address, to wit: 1547 Palos Verdes Mall #275, Walnut Creek, CA 94597.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "' statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19,2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 25(5)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (5) Rhino and Maximum share, at minimum, one business mailing address, to wit: 1564 Santa Ana Avenue #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any

personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 25(6)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (6) Rhino and Maximum share, at minimum, one shipping address, to wit: 1564 Santa Ana Avenue #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 25(7)

25. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, i am informed and believe that:

  (7) Rhino and Maximum share business resources.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(1)

26. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

  (1) Rhino and Maximum share a corporate office, to wit: the home residence of Christina and Trevor Seelye (hereinafter the "Home Residence").

   a. Christina Seelye has represented to me that both Rhino and Maximum operate and conduct business out of the Home Residence.

   b. Trevor Seelye has represented to me that Rhino conducts business out of the Home Residence.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701 .]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(2)

26. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (2) Rhino and Maximum also share the same principal place of business, as registered with the California Secretary of State, to wit: 1547 Palos Verdes Mall #275 Walnut Creek, CA 94597.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is "double hearsay" in that it repeats the content of an unauthenticated and inadmissible writing. [FRE 801, 802, and 901.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 70 l .]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter. and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify. ").]

Ruling: The objection to "as registered with the California Secretary of State, to wit: 1547 Palos Verdes Mall #275 Walnut Creek, CA 94597" is SUSTAINED. The remaining objections are OVERRULED.

Paragraph 27(1)

27. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (1) Rhino and Maximum share a CEO, to wit: Christina Seelye.

        a. Christina Seelye has represented to me that she has full control and authority to make purchasing decisions for both Rhino and Maximum.

        b. Christina Seelye and I have discussed Rhino and Maximum business contemporaneously.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 27(2)

27. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (2) Rhino's secretary and principal, Trevor Seelye, is also the husband of Christina Seelye.

      a. Both officers of Rhino and Maximum, Christina and Trevor Seelye, live and conduct business together out of the Home Residence.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801 , 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 70 I.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 27(3)

27. Through my personal conversations with Christina and Trevor Seelye, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (3) Rhino and Maximum share a logistics and operations manager, to wit: Josh Langen.

      a. Josh Langen is in charge of Rhino's logistics and operations, and has, through his position at Rhino, conducted business with Seal Shield for P050 and P083.

      b. Josh Langen is in charge of Maximum's logistics and operations, and has, through his position at Maximum, conducted business with Seal Shield for Maximum business engagements.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Mr. and Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible

opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief' in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

    IT IS SO ORDERED.

    DONE AND ORDERED in Orlando, Florida, on December 21, 2012.

                                             THOMAS B. SMITH
                                             United States Magistrate Judge

Copies to all Counsel