UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SEAL SHIELD, LLC,

      Plaintiff,

v.                                                        Case No.  6:12-cv-1245-Orl-28TBS

THE RHINO GROUP, INC.,  MAXIMUM
FAMILY GAMES, LLC,

      Defendants.

_____

<u>ORDER</u>

      This case comes before the Court on Specially Appearing Defendant Maximum

Family Games' Objections to Affidavit of Dave Vaillancourt (Doc. 42).  The Court rules

on Defendant's objections as follows:

Paragraph 8

8. Christina represented to me that she was unaware of how to unload cargo
containers and needed help to unload and assemble the goods purchased through
PO1114.

Objection: Maximum objects to this evidence on the grounds that such alleged
statements made by Ms. Seelye are inadmissible hearsay. [FRE 801, 802.]

Ruling: OVERRULED.

Paragraph 10

10. On May 14, 2010, I flew to the warehouse located at: 1564 Santa Ana
Avenue, #100, Sacramento, CA 95838 (hereinafter the "Warehouse"), which
Warehouse is utilized by both Maximum and Rhino.

Objection: Maximum objects only to the phrase "which Warehouse is utilized by
both Maximum and Rhino." Maximum objects to this evidence on the grounds that it is
inadmissible opinion testimony by a lay witness. [FRE 701.].

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of this matter. [FRE 602].

Ruling: OVERRULED.

Paragraph 12

12. During my visit to the Warehouse, Maximum and Rhino's employees, including the newly employed workers, used the equipment and fixtures inside the Warehouse to assemble and store P01114 from the container . . . .

Objection: Maximum objects to this evidence on the grounds that the witness lacks any personal knowledge regarding which company or companies were the employers of the unidentified "employees." [FRE 602].

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701].

Ruling: The objection based upon FRE 602 is SUSTAINED; the objection based upon FRE 701 is OVERRULED.

Paragraph 18

18. During our meeting, Christina and I specifically discussed her PO1114 and her prospective custom order for keyboards, P050. Christina did not make clear to me these orders were occurring through two different companies; our conversation led me to believe Rhino and Maximum were one and the same company.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701].

Ruling: OVERRULED.

Paragraph 19

19. I was told that the prospective P050 was to be shipped to the Warehouse, just as Seal Shield had done with PO1114.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations, and constitutes inadmissible hearsay. [FRE 801, 802.]

Ruling: OVERRULED.

Paragraph 20

20. Throughout the duration of our meeting, Christina never made it clear that Rhino and Maximum were two distinct entities.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Ruling: OVERRULED.

Paragraph 21

21. From speaking with Christina, I was never made aware that Rhino and Maximum were two separate companies.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Ruling: OVERRULED.

Paragraph 22

22. In fact, I have and still believe that Maximum and Rhino are the same entity.

Objection: Maximum objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness.

Ruling: OVERRULED.

Paragraph 23

23. P01114 issued to Seal Shield clearly represents that Maximum and Rhino are interrelated entities; Maximum was to be billed for P01114, and the products under P01114 were to be shipped to Rhino at the Warehouse.

Objection: Maximum objects on the grounds that the witness lacks personal knowledge. [FRE 602].

Maximum further objects to this evidence on the grounds that this statement is double hearsay, and is also inadmissible opinion testimony by a lay witness. [FRE 801, 802 and 701].

Ruling: OVERRULED.

Paragraph 24

24. Moreover, the invoice which Seal Shield sent to Maximum for P01114 (hereinafter "Invoice 3116"), clearly represents that Maximum and Rhino are interrelated entities; Maximum was to be billed for P01114, and the products under P01114 were to be shipped to Rhino at the Warehouse. A copy of Invoice 3116 is attached hereto as Exhibit "F."

Objection: Maximum objects on the grounds that the witness lacks personal knowledge. [FRE 602].

Maximum further objects to this evidence on the grounds that this statement is double hearsay, and is also inadmissible opinion testimony by a lay witness. [FRE 801, 802 and 701].

Ruling: OVERRULED.

Paragraph 25

25. Furthermore, as evident by P050, Rhino and Maximum share the Warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

Objection: Maximum objects on the grounds that the witness lacks personal knowledge. [FRE 602].

Maximum further objects to this evidence on the grounds that this statement is double hearsay, and is also inadmissible opinion testimony by a lay witness. [FRE 801, 802 and 701].

Ruling: SUSTAINED.

Paragraph 26(1)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and believe that:

    (1) Rhino and Maximum share a CEO, to wit: Christina.

        a. Seal Shield has engaged in business transactions with both Rhino and Maximum, through their shared CEO, Christina.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.].

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (lOth Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "' statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(2)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

    (2) Rhino and Maximum share a logistics manager, to wit: Josh Langell.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony.

[FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (lOth Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.")]

Ruling: OVERRULED.

Paragraph 26(3)

26. Thus, through my personal conversations with Christina and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

    (3) Rhino and Maximum share the same warehouse located at: 1564 Santa Ana Avenue, #100,  Sacramento, CA 95838.

        a. Seal Shield has shipped products to both Rhino and Maximum to the warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

        b. The purchase orders issued by Rhino and Maximum clearly represent that Rhino and Maximum share the same warehouse located at: 1564 Santa Ana Avenue, #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that the statement that "the purchase orders issued by Rhino and Maximum clearly represent that Rhino and Maximum share the same warehouse" is double hearsay, and is also inadmissible opinion testimony by a lay witness. [FRE 801, 802, and 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (lOth Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that '" statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEX1S 83320, * 5-6 (M.D. Fla. July 19, 2010)

(with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testiry.").]

Ruling: OVERRULED.

Paragraph 26(4)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

     (4) Rhino and Maximum share, at minimum, one business mailing address, to wit: 1564 Santa Ana Avenue #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that '" statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(5)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

     (5) Rhino and Maximum share, at minimum, one shipping address, to wit: 1564 Santa Ana Avenue #100, Sacramento, CA 95838.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(6)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

        (6) Rhino and Maximum share assets.

                a. Rhino and Maximum share Warehouse equipment and fixtures.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801 , 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.)

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").)

Ruling: OVERRULED.

Paragraph 26(7)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

(7) Rhino and Maximum are not two distinct entities.

a. Seal Shield has transacted business with both Maximum and Rhino through their shared CEO, Christina.

b. Christina has never represented to me that Maximum and Rhino are two separated entities.

c. Pursuant to POI114 and Invoice 3116, Maximum has previously purchased and paid for products from Seal Shield tbat were shipped to Rhino.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801,802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge ofthe matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (lOth Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that '" statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

Paragraph 26(8)

26. Thus, through my personal conversations with Christina, and professional dealings with both Rhino and Maximum, I am informed and personally believe that:

(8) Rhino and Maximum are closely related in their activities and management.

a. The business operations of Rhino and Maximum are closely interrelated.

b. Rhino and Maximum share business resources and employees.

c. Rhino and Maximum are not entirely separately operated.

d. Christina controls the operations of both Rhino and Maximum.

Objection: Maximum objects to this evidence on the grounds that it repeats and is based upon alleged conversations with Ms. Seelye, and constitutes inadmissible hearsay. [FRE 801, 802.]

Maximum further objects to this evidence on the grounds that it is inadmissible opinion testimony by a lay witness. [FRE 701.]

Maximum further objects to this evidence on the grounds that the witness lacks any personal knowledge of the matter. The witness clearly concedes his lack of personal knowledge by stating "I am informed and personally believe" the matter, and has failed to set forth any firsthand knowledge on upon which he bases his testimony. [FRE 602; Argo v. Blue Cross & Blue Shield, 452 F.3d 1193, 1200 (10th Cir. 2006) (holding affidavit was inadmissible where the witness lacked personal knowledge, and noting that "'statements of mere belief in an affidavit must be disregarded"); Great Am. Ins. Co. v. Moye, 2010 U.S. Dist. LEXIS 83320, * 5-6 (M.D. Fla. July 19, 2010) (with respect to personal knowledge, "an affidavit is inadmissible if a witness could not have actually perceived or observed that to which they testify.").]

Ruling: OVERRULED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 21, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-10-